UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RONAN J. KYLES,

        Plaintiff,

   v.                                           Case No. 06-C-0824

DAVID CLARKE, SERGEANT CHRISS,
RICHARD SCHMIDT, SERGEANT TIANEN,
JUSTICE THURGOOD MARSHALL HOUSE,
WALTER DOE, AND TEDI DOE,

        Defendants.

## MEMORANDUM AND ORDER

      Plaintiff Ronan Kyles, who is proceeding pro se, lodged a civil rights complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. Plaintiff was incarcerated at Milwaukee County Jail until his recent release, apparently on August 22, 2006, to Justice Thurgood Marshall House, a halfway house in Milwaukee.

      Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner plaintiff is required to pay the statutory filing fee of $350.00 for a federal lawsuit. If a prisoner does not have the money to pay the filing fee up front, he or she can request leave to proceed *in forma pauperis* in order to pay the fee over time. To proceed with an action *in forma pauperis*, the prisoner must complete a petition and affidavit to proceed *in forma pauperis* and return it to the court with a certified copy of the prisoner's trust account statement showing transactions for the prior six months. The court then assesses and, when funds exist, collects from the plaintiff at the time the action is filed an initial partial filing fee of

twenty percent of the average monthly deposits to or the average monthly balance in the prisoner's trust account for the six-month period immediately preceding the filing of the complaint.[1]

In this case, the plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint. He also filed the required affidavit of indigence. Further, he has been assessed and has paid an initial partial filing fee of $0.68. Because defendant was released from the Milwaukee County Jail before this court had determined whether to grant his request to proceed *in forma pauperis*, I ordered plaintiff to file with the court an affidavit setting forth his current income, assets, liabilities, and expenses.

Upon review of the trust account statement and the two affidavits, I am satisfied that plaintiff is unable to pay the statutory filing fee in this case. Both of plaintiff's affidavits indicate he is single and owns no cash, motor vehicle, real estate, stocks, bonds, bank accounts, or valuable personal items. Since his release from the Milwaukee County Jail, plaintiff has remained unemployed, and according to a letter from staff at Justice Thurgood Marshall House, he was ineligible to begin a job search until September 27, 2006, provided he completes all program requirements at that time. Leave to proceed *in forma pauperis* therefore will be granted.

Next, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2).

---

[1] In no event will a prisoner be prohibited from bringing a civil action because he or she has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4).

2

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hosp. Bldg. Co. v. Trs. of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). The court is obliged to give the plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: (1) that he was deprived of a right secured by the Constitution or laws of the United States, and (2) that the deprivation was visited upon him by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must include only a "short and plain statement of the claim showing that the pleader is entitled to relief." This statement must simply "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see also Thomson v. Washington*, 362 F.3d 969, 970-71 (7th Cir. 2004) (no heightened pleading requirement for pro se prisoner civil rights complaint). Of

3

course, if a complaint pleads facts that show that a plaintiff does not have a claim, the complaint should be dismissed "without further ado." *Thomson*, 362 F.3d at 970.

Plaintiff was incarcerated at the Milwaukee County Jail until his release, apparently on August 22, 2006. He is now participating in a release program at Justice Thurgood Marshall House in Milwaukee. According to plaintiff's amended complaint, defendants David Clarke, Richard Schmidt, Sergeant Tianen, and Sergeant Chriss are sheriffs or deputy sheriffs at the Milwaukee County Jail, while defendants Walter Lemon and Tedi Gentry are counselors at Justice Thurgood Marshall House. Justice Thurgood Marshall House, a program of Wisconsin Community Services, Inc., is also named as a defendant. However, since a program is not a suable entity, all claims against Justice Thurgood Marshall House shall be dismissed. Although it is not clear that the counselors named as defendants are state actors, an essential requirement under 42 U.S.C. § 1983, this lack of clarity is not grounds for dismissal, at least at this point.

Plaintiff alleges that defendants denied him the right to have Islamic religious services in the jail, while Christian religious services were offered several times per week. It is not entirely clear whether plaintiff alleges he was prevented from attending services, or that no Islamic services were held at the jail. In either case, the relevant standard remains clear: "[I]ncarcerated persons retain the right to practice their religion to the extent that the practice is compatible with legitimate penological demands of the state," which demands include both security and economic concerns. *Al-Alamin v. Gramley*, 926 F.2d 680, 686 (7th Cir. 1991); *see also Turner v. Safley*, 482 U.S. 78, 89 (1987). Although prison officials must be afforded "latitude in the administration of prison affairs," *Cruz v. Beto*, 405 U.S. 319, 321 (1972), they cannot discriminate against a particular religion when providing opportunities for inmates to practice their religion. *Al-Alamin*, 926 F.2d

4

at 686. Plaintiff has alleged facts sufficient to raise a constitutional claim, namely, that defendants unjustifiably treated him, as an adherent of Islam, differently from similarly situated Christian inmates (in violation of the Equal Protection Clause) and/or that his right to practice his religion has been unreasonably impeded (in violation of the Free Exercise Clause). This part of plaintiff's claim may therefore proceed.

Plaintiff also alleges that inmates desiring a Qur'an were required to purchase one from the canteen, whereas inmates desiring a Bible were given one free of charge. Prison authorities need not provide prisoners with religious materials free of charge. *See Cruz*, 405 U.S. at 323. However, when assessed in their totality, prison administrators' efforts to accommodate inmates' religious needs must be "qualitatively comparable" across religions, even though penological constraints might justify differences in the accommodations themselves. *Al-Alamin*, 926 F.2d at 686. Plaintiff has raised facts sufficient to claim that his access to religious materials is not "qualitatively comparable" to that of Christians, and so this part of his claim will be allowed to proceed.

Plaintiff further alleges that he is being denied the right to purchase an Islamic prayer rug and kufi. A prison may restrict a prisoner's ability to adhere absolutely to a particular tenet of his religion, such as a tenet calling for the use of religious garb or other items, if the prison has sound penological interests that support the restriction and outweigh the prisoner's religious interests. *Canedy v. Boardman*, 91 F.3d 30, 33 (7th Cir.1996). There may exist legitimate penological interests sufficient to justify the prison's denial of plaintiff's access to these religious objects, but defendants can raise such arguments later. For screening purposes, plaintiff's claim is sufficient and may proceed.

5

In addition, plaintiff alleges he has been denied access to a law library. While prisoners do have a fundamental right of access to the courts, that right is not coextensive with access to a law library. *See Alston v. DeBruyn*, 13 F.3d 1036, 1040-41 (7th Cir. 1994); *Bounds v. Smith*, 430 U.S. 817, 828 (1977). In order to prove a violation of the right of access to the courts, an inmate must show (1) that prison officials failed to provide him an adequate law library or adequate assistance from persons trained in the law, *Alston*, 13 F.3d at 1040-41, and (2) that the officials' conduct caused some detriment to his ability to pursue a legitimate legal challenge to a conviction, sentence, or prison conditions. *See Jenkins v. Lane*, 977 F.2d 266, 268 (7th Cir. 1992); *Shango v. Jurich*, 965 F.2d 289, 291 (7th Cir. 1992); *Pratt v. Tarr*, No. 05-4470, 2006 U.S. App. WL 2739357, at *2 (7th Cir. Sept. 27, 2006). Plaintiff has not alleged that prison officials failed to provide him both an adequate law library and adequate assistance of legally trained persons (provision of one or the other being sufficient for the first prong mentioned above), nor has he alleged any detriment to his ability to pursue a legitimate legal challenge. Because plaintiff has failed to set forth a cognizable federal or constitutional claim regarding his court access, this part of his claim is dismissed.

Plaintiff alleges he has been denied "resources for inmates," but fails to specify what those might be. Plaintiff also alleges he has been denied the right to make copies. Insofar as plaintiff is alleging the W.D.O.C. has violated its own regulations (i.e., in denying him access to copiers or other "resources"), such conduct does not violate a right secured by the U.S. Constitution or federal law, and thus is not cognizable under 42 U.S.C. § 1983. These parts of his claim are therefore dismissed.

Thus, because plaintiff has set forth some cognizable constitutional or federal claims, the case will proceed.

6

**THEREFORE, IT IS ORDERED** that plaintiff's request to proceed *in forma pauperis* is granted. Because plaintiff has no financial assets and was ineligible to begin a job search until September 27, 2006, I waive the balance of the $350 filing fee.

**IT IS FURTHER ORDERED** that all claims against Justice Thurgood Marshall House are dismissed for failure to state a claim.

**IT IS FURTHER ORDERED** that the U.S. Marshals Service shall serve a copy of the complaint, a waiver of service form and/or the summons, and this order upon the defendants pursuant to Fed. R. Civ. P. 4. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting to make such service. 28 U.S.C. § 1921(b). The current fee for waiver-of-service packages is $8.00 per item. The full fee schedule is provided in 28 C.F.R. § 0.114(a)(2), (a)(3). Even though Congress requires the court to order service by the U.S. Marshals Service when an impoverished person is permitted to proceed *in forma pauperis*, Congress has not provided for these fees to be waived, either by the court or the U.S. Marshals Service.

**IT IS ORDERED** that the defendants shall file a responsive pleading to the plaintiff's complaint.

**IT IS ALSO ORDERED** that copies of this order be sent to the sheriff of the institution where the inmate was confined and to Corey Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

Plaintiff is hereby notified that, from now on, he is required, under Fed. R. Civ. P. 5(a), to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). Plaintiff should also retain a personal copy of each document. If plaintiff does not have access to a photocopy machine, plaintiff may send out identical handwritten or typed copies of any

7

documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to each defendant or to their attorney(s).

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the clerk of court's office of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Nothing in this order or in § 1915A precludes a defendant from moving to dismiss any claim identified in this order or potentially existing in the complaint if the defendant disagrees with my analysis or believes I have overlooked something during my screening.

Finally, plaintiff has requested this court to order the W.D.O.C. to change the location where plaintiff is to serve the remainder of his sentence. However, this court has no authority to direct the W.D.O.C. regarding where inmates are to serve their sentences. Plaintiff's request in this matter is therefore **DENIED**.

Dated this    4th    day of October, 2006.

                                                      s/ William C. Griesbach
                                                     William C. Griesbach
                                                     United States District Judge