UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RONAN J. KYLES,
        Plaintiff,

v.                           Case No. 06-C-824

DAVID CLARKE, SERGEANT CHRISS,
RICHARD SCHMIDT, SERGEANT TIANEN,
JUSTICE THURGOOD MARSHALL HOUSE,
WALTER DOE, and TEDI DOE,
        Defendants.

## ORDER DENYING MOTION TO APPOINT COUNSEL

      Plaintiff, a pro se § 1983 litigant, has moved for appointment of counsel. Indigent civil litigants have no constitutional or statutory right to be represented by counsel in federal court. *McKeever v. Israel*, 689 F.2d 1315 (7th Cir. 1982). Although the court has the power to request an attorney to represent him, 28 U.S.C. § 1915(e)(1), the decision is a discretionary one. *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992). There is no funding for appointed counsel in civil cases, and counsel is therefore rarely asked to represent civil litigants on a pro bono basis. Plaintiff does not indicate that he has contacted any attorneys on his own. Given the fact that a successful civil rights plaintiff is entitled to recovery of attorney's fees, *see* 42 U.S.C. § 1988, civil rights plaintiffs are expected in most circumstances to secure their own counsel. Here, plaintiff has produced no evidence of any effort to retain counsel on his own. More importantly, his case does not seem unusually complex. Essentially, his claim is that the defendants violated his right to freely exercise his religion by denying him the same opportunity to practice Islam that other inmates had to practice their Christian religions. It is clear from plaintiff's pro se complaint that he has the

ability to effectively communicate in writing and marshal the facts and argument that support his claim. For these reasons, I am not convinced, at least at this point, that plaintiff cannot adequately represent himself in this matter. If, as the case proceeds, it appears that the case is more complicated or, for some other reason, plaintiff lacks the ability to effectively represent himself, I may revisit his request for appointed counsel. But on the record now before me, his motion to appoint counsel is denied.

**SO ORDERED.**

Dated this   26th   day of October, 2006.

s/ William C. Griesbach
William C. Griesbach
United States District Judge
