UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RONAN J. KYLES,

        Plaintiff,

v.                                     Case No. 06-C-0824

DAVID CLARKE et al.,

        Defendants.

## MEMORANDUM AND ORDER GRANTING MOTION TO DISMISS

      Plaintiff Ronan Kyles, who is proceeding pro se, lodged a complaint under 42 U.S.C. § 1983, alleging defendants denied him the right to practice his religion. Kyles was incarcerated at Milwaukee County Jail until his recent release, apparently on August 22, 2006, to Justice Thurgood Marshall House, a halfway house in Milwaukee. In its screening of the amended complaint, the court allowed Kyles to proceed with claims against, *inter alia*, defendants Walter Doe and Tedi Doe, who are allegedly counselors at the halfway house. (Order of October 5, 2006, at 4.) Walter Doe and Tedi Doe moved the court on February 6, 2007, to dismiss all claims against them, and plaintiff has not timely responded. For the following reasons, the motion will be granted.

      A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief can be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim(s) that would entitle him to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). When evaluating a complaint under this

standard, the court must accept as true the allegations of the complaint in question, *Hosp. Bldg. Co. v. Trs. of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). The court is obliged to give the plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

Dismissal is warranted when the plaintiff fails to allege a required element necessary to obtain relief. *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995) (internal citation omitted); *Pyles v. United Air Lines, Inc.*, 79 F.3d 1046, 1049 (11th Cir. 1996). To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States, and (2) that the deprivation was visited upon him by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

Walter Doe and Tedi Doe argue that plaintiff has failed to allege the second element, that is, that they were persons acting under color of state law. Plaintiff alleges that defendants were counselors at Justice Thurgood Marshall House, which, as this court noted in its screening order, is a release program of Wisconsin Community Services, Inc. ("WCS"). (Order of October 5, 2006, at 4.) Defendants ask the court to take judicial notice that WCS is a non-stock Wisconsin corporation. In ruling on a 12(b)(6) motion to dismiss, a court may not consider matters outside the pleadings without converting the motion into one for summary judgment under Fed. R. Civ. P. 56. Fed. R. Civ. P. 12(b); *see also Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997). However, courts have crafted a narrow exception to this rule that permits a court to take judicial notice of matters of public record without converting a motion to dismiss for

failure to state a claim into a motion for summary judgment. *Gen. Elec. Capital*, 128 F.3d at 1080. Defendants have submitted a copy of a certificate of status from the Wisconsin Department of Financial Institutions that shows WCS is a non-stock Wisconsin corporation. (Decl. of Stephen B. Swigart Att. 1.) Defendants also point out that such information is publicly available from the department.[1] (Br. in Supp. of Mot. to Dismiss at 4.) The court takes judicial notice of the fact that WCS is a non-stock Wisconsin corporation.[2]

Even if the court assumes that Walter Doe and Tedi Doe were counselors employed by Justice Thurgood Marshall House, as plaintiff alleges, their mere employment there fails to qualify them as persons acting under color of state law in light of the above judicially noticed fact. That is, private persons employed by a non-state entity do not qualify as direct state actors. Nevertheless, even private persons can be liable under § 1983 if they wilfully participate in a conspiracy with the state or one of its agents to deny a plaintiff his constitutional rights. *Moore v. Marketplace Rest., Inc.*, 754 F.2d 1336, 1352 (7th Cir. 1985). This route is foreclosed to plaintiff, however, for he has failed to allege that either Walter or Tedi Doe wilfully participated in such a conspiracy. In fact, he has not even alleged the existence of such a conspiracy or a factual basis therefor.

In sum, plaintiff has failed to provide factual allegations showing that either Walter Doe or Tedi Doe were persons acting under color of state law pursuant to 42 U.S.C. § 1983.

---

[1] Anyone may request a certificate of status from the Department of Wisconsin Financial Institutions by making the request through the department's website, http://www.wdfi.org.

[2] Under the Federal Rules of Evidence, a court may take judicial notice at any stage of the proceeding, whether requested or not, of any fact that can be accurately and readily determined by resort to "sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *see also* Fed. R. Evid. 201(c) and (f).

**IT IS THEREFORE ORDERED** that the motion of defendants Walter Doe and Tedi Doe to dismiss all claims against them for failure to state a claim is **GRANTED**. The dismissal is without prejudice.

Dated this <u>  5th  </u> day of April, 2007.

<u>s/ William C. Griesbach          </u>
William C. Griesbach
United States District Judge