UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RONAN J. KYLES,

        Plaintiff,

  v.                                     Case No. 06-C-0824

DAVID CLARKE, et al.,

        Defendants.

**ORDER**

Plaintiff Ronan Kyles, proceeding pro se, lodged a complaint under 42 U.S.C. § 1983, alleging defendants denied him the right to practice his religion while he was in custody of the Milwaukee County Jail. Defendants now seek dismissal of the case for failure to prosecute, because Kyles failed to appear at his scheduled deposition and has neglected to notify the court and defense counsel of apparent changes to his address. In the alternative, defendants move for summary judgment. For the following reasons, defendants motion to dismiss for failure to prosecute will be granted.

On October 5, 2006, the court informed Kyles that "failure to make a timely submission may result in the dismissal of this action for failure to prosecute," and ordered that he notify the clerk of court's office of any change in his address. The court informed Kyles that a failure to do so could affect his legal rights. On June 13, 2007, after Kyles failed to appear at his scheduled deposition and defendants were unable to contact him, the court warned Kyles that his apparent failure to notify the court of a change to his address was a violation of court order and could result in dismissal for

failure to prosecute. On October 9, 2007, defendants filed the instant motion to dismiss, after their further attempts to contact Kyles were unsuccessful. To date, no response has been filed, nor has Kyles updated his address with the court.

Federal Rule of Civil Procedure 41(b) provides for involuntary dismissal for failure to prosecute an action or to comply with court orders. Kyles' failure to comply with the court's order that he notify the clerk of courts of any change in his address has stalled discovery in this matter for over five months. Although no case should be dismissed for failure to prosecute without a warning to the plaintiff, *Bolt v. Loy*, 227 F.3d 854, 856 (7th Cir. 2000), the court specifically warned Kyles that his failure to update his address could result in dismissal. Unfortunately, two advanced warnings have proven ineffective. Even if Kyles did not receive the court's warnings because of the change in his address, plaintiffs "may not hide behind a court's inability to warn them of impending dismissal when their own actions make such a warning impossible." *In re Ericson*, 175 Fed. Appx. 58, 60 (7th Cir. 2006). I am satisfied that the sanction of dismissal with prejudice is appropriate.

**IT IS THEREFORE ORDERED** that defendants' motion to dismiss the action is granted, and the plaintiff's action is hereby dismissed, with prejudice.

Dated this   19th   day of November, 2007.

s/ William C. Griesbach
William C. Griesbach
United States District Judge